IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROGER EUGENE GRESHAM,

    Petitioner,

v.

JOSE M. VAZQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV205-243

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roger Eugene Gresham ("Gresham"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus[1] pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Gresham has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

A jury in the Northern District of Texas found Gresham guilty of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Gresham was sentenced to a total[2]

---

[1] Gresham attached to his petition a "Motion for Nunc Pro Tunc Relief From a Final or Void Judgment Pursuant to Rule 60(b)(4) & (6) Independent Action" and a "Modification of Sentence." These attachments have not been docketed as separate pleadings, and the undersigned will not treat them as such. However, the undersigned will address the allegations Gresham sets forth in these attachments.

[2] Gresham was sentenced to 120 months' imprisonment on Count 1 and to 327 months' imprisonment on Count 2, to run concurrently. (Resp't's Ex. A, pp. 1-2.)

AO 72A
(Rev. 8/82)

of 327 months' imprisonment. Gresham appealed, and the Fifth Circuit Court of Appeals affirmed his convictions and sentences. United States v. Gresham, 118 F.3d 258 (5th Cir. 1997).

Gresham filed a motion to vacate his sentences pursuant to 28 U.S.C. § 2255, which the Northern District of Texas denied. That court also denied Gresham's motion for reconsideration. Gresham appealed, and the Fifth Circuit denied him a certificate of appealability. Gresham filed another section 2255 motion, and the Northern District of Texas denied that motion. The Fifth Circuit denied Gresham's motion for authorization to file a second or successive § 2255 motion. Still undeterred, Gresham filed a section 2241 petition for writ of habeas corpus/FED. R. CIV. P. 60(b) motion, and the Northern District of Texas denied this pleading as a successive § 2255 motion. Gresham then filed a motion for modification of his sentence and a motion to preserve United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), claims; both of these pleadings are pending in the Northern District of Texas. (4:96-cr-00036, Doc. Nos. 157 and 166.)

In the instant petition, Gresham alleges that he should not have been assessed criminal history points in his Pre-Sentence Investigation Report for two (2) prior state court convictions. Gresham contends that the sentencing court erred in using these convictions when he was sentenced because these convictions were not charged in the indictment or found by a jury. (Att. 1, p. 3.) Gresham also contends that he is "actually innocent" of the sentence enhancement he received for being an armed career criminal. (Att. 1, p. 6; Att. 2, p. 1.) Gresham further contends that he received ineffective assistance of counsel and that his attorney labored under a conflict of interest during the time of his representation. Gresham cites Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435

2

(2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and Booker as support for his allegations.

Respondent avers that Gresham's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Gresham has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely and Booker do not apply retroactively to cases on collateral review. (Doc. No. 4, p. 4.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the §

3

2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[3]

Gresham has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because "it fails to provide any basis for obtaining relief from the unconstitutionality of an illegal sentence." (Pet., p. 8.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Gresham largely bases the claims set forth in his petition on the Supreme Court's decisions in Apprendi, Blakely, and Booker. However, the Supreme Court has not made its decisions in Apprendi, Blakely, or Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Gresham was sentenced in the Northern District of Texas on August 30, 1996 (4:96-cr-00036, Dkt. Entry No. 89), and his convictions and sentences were affirmed on July 16, 1997. Apprendi was decided on June 26, 2000, Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Gresham to have his requested relief pursuant to the holdings of these cases would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989), despite his contentions to the contrary. In addition, the Eleventh Circuit Court of Appeals has determined that Booker, which applies the holding of Blakely to the federal sentencing guidelines, does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Moreover, the Eleventh Circuit recently held that Apprendi does not apply retroactively in the context of a section 2241 petition. Dohrmann v. United States, ___ F.3d ___, 2006 WL 623652, *3 (11th Cir. Mar. 15, 2006).

5

AO 72A
(Rev. 8/82)

Gresham has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the courts in his previously filed matters rejected Gresham's claims or because Gresham failed to raise these issues in any of the many post-judgment motions filed in the Northern District of Texas and the Fifth Circuit does not render section 2255's remedy inadequate or ineffective. Gresham has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Accordingly, it is not necessary to address his actual innocence claim. See id. at n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

Gresham cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Gresham is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 4) be **GRANTED**, and Gresham's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of April, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE